UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO LOPEZ,<br>　　　　Petitioner,<br>　　v.<br>WILLIAM MUNIZ,<br>　　　　Respondent. | Case No. 17-cv-03390-JCS<br>**ORDER TO SHOW CAUSE**<br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL** |

## I.　INTRODUCTION

Petitioner Orlando Lopez seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. *See* Pet. (dkt. 1). The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Because Lopez's claims are cognizable when liberally construed, the Court allows the matter to proceed. Respondent William Muniz shall file a response to the petition within 90 days.[1] In conjunction with his petition, Lopez moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2). *See* Mot. (dkt. 2). Because Lopez has not established that the interests of justice warrant appointment of counsel, the Court denies Lopez's motion without prejudice, as detailed below.

## II.　BACKGROUND

Lopez states in his petition that he was convicted of murder, among other charges, following a jury trial, and sentenced to 311 years to life in state prison in August of 2012. *See* Pet. ¶¶ 17, 19. On direct appeal, a California appellate court reduced Lopez's first-degree murder conviction to second-degree murder, and ordered the trial court to stay Lopez's sentence on certain counts for mayhem, but otherwise substantially affirmed Lopez's conviction and sentence. *See*

---

[1] Lopez has consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

*People v. Lopez*, No. A136253, 2016 WL 634651 (Cal. App. Feb. 17, 2016). Lopez then filed a Petition for Review to Exhaust State Remedies with the California Supreme Court pursuant to Rule 8.508 of the California Rules of Court, which the California Supreme Court summarily denied. Lopez also filed a petition for habeas corpus in the California First District Court of Appeal, raising Sixth Amendment claims, but that court, over the dissent of one justice, declined to issue an order to show cause, instead denying the petition for failure to present a prima facie case of ineffective assistance of counsel. The California Supreme Court summarily denied Lopez's petition for review of that decision. On June 12, 2017, Lopez filed a petition for habeas corpus in this Court on the grounds that there was insufficient evidence to support Lopez's convictions and that he received ineffective assistance of counsel. *See* Pet.

### III. ANALYSIS

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering a petition for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Lopez asserts that there was insufficient evidence to convict him and that he received ineffective assistance of counsel in violation of the Sixth Amendment. *See generally* Pet. When liberally construed, these claims are cognizable in a federal habeas corpus action. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (discussing the availability of federal habeas relief for insufficient evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979)); *Strickland v. Washington*, 466 U.S. 668, 687–99 (1984) (discussing the standard for federal habeas relief for ineffective assistance of counsel).

## IV. MOTION TO APPOINT COUNSEL

On June 16, 2017, Lopez also submitted an ex parte motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2). *See* Mot. In his motion, Lopez "requests that the Court appoint Dylan Schaffer and Matthew Dirkes as counsel to represent him" in connection with this matter. Mot. at 2. Lopez explains that Schaffer and Dirkes are currently representing him pro bono and have already represented him on his direct appeal in state court as well as state habeas proceedings. *Id.* Asserting that "[t]he interests of justice weigh in favor of the appointment of counsel given that Mr. Lopez is indigent and his petition raises complex legal issues," and noting counsel's prior experience, Lopez urges this court to appoint Schaffer and Dirkes as his counsel for the current proceedings. *See id.* Specifically, Lopez contends that the complexity of legal and factual issues, such as state-law errors regarding accomplice testimony, "the number of counts charged, the number of defendants, . . . the legal theories upon which the prosecution obtained convictions," and the "manifestly unjust" nature of Lopez's life sentence all weigh in favor of appointment of counsel. *Id.* at 4. Lopez contends that should he "be compelled to proceed on his own, it will be virtually impossible for him to pursue the claims in the petition given his lack of understanding of the complex legal issues." *Id.* Additionally, Lopez argues that "[c]ounsel should be appointed given that Mr. Lopez's federal habeas claims will rely at least in part on testimony from two experts" regarding acoustic signatures of firearms and the cognitive impact of methamphetamine. *Id.* at 5 (citing Pet. ¶¶ 169–94; *David v. Johnson*, No. 15-cv-05760-HSG, 2016 U.S. Dist. LEXIS 57516, at *4 (N.D. Cal. Apr. 29, 2016)).

In support of Lopez's motion for appointment of counsel, Lopez's attorney, Dylan L. Schaffer submits a declaration detailing his involvement in Lopez's case and Lopez's need for financial assistance. *See* Schaffer Decl. (dkt. 2[2]). Schaffer explains that he first became involved in Lopez's legal proceedings when he was appointed counsel for Lopez's Court of Appeal and California Supreme Court appeals, where he spent much time familiarizing himself with Lopez's case. *Id.* ¶ 2–3. While representing Lopez in those appeals, Schaffer concluded that Lopez

---

[2] Schaffer's declaration is included in the same docket entry as the motion for appointment of counsel, appearing as pages six and seven of that document.

3

received ineffective assistance of counsel at the Superior Court level prompting his initiation of the present federal and previous state habeas corpus claims. *Id.* ¶ 4. Schaffer notes that Lopez is "indigent and lacks the financial ability to hire counsel to represent him in connection with his federal habeas proceedings," leading Schaffer to file the petition on his behalf pro bono. *Id.* ¶¶ 5–6; *see* Pet.

Under 18 U.S.C. § 3006A(a)(2), "representation may be provided for any financially eligible person who . . . (B) is seeking relief under . . . section 2254," where "a United States magistrate judge or the court determines that the interest of justice so require." Appointment of counsel for indigent individuals is at the discretion of the district court and flows from the court's determination of whether "the interests of justice so require." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing 18 U.S.C. § 3006A(g)). The Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Id.* (citing, *inter alia*, *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)).

The Court is not satisfied that the present record demonstrates that failure to appoint counsel would violate Lopez's right to due process, and therefore DENIES the motion at this time, without prejudice to Lopez renewing his motion after Respondent Muniz files an answer or motion in response to this order.

## V. CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a magistrate judge jurisdiction consent or declination form on Respondent and Respondent's counsel, the Attorney General for the State of California.

2. Within ninety (90) days of the date this order is filed, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Lopez's claims. Respondent shall file with the answer all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Lopez wishes to respond to the answer, he shall do so by filing a traverse with the Court within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, Respondent may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Lopez shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file a reply within fifteen (15) days of the date any opposition is filed.

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadlines they seek to extend.

**IT IS SO ORDERED.**

Dated: November 17, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge